IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUAN OCHUA | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 19-cv-03248-JMC |
| CINTHIA'S BAKERY, LLC, *et al* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This case is before me for all proceedings based on consent of the parties. (ECF No. 13). Pending before the Court is Cinthia's Bakery and Cinthia's Bakery II LLC's ("Defendants") Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 15). Juan Ochua[1] ("Plaintiff") filed an Opposition, and Defendants have filed a Reply. (ECF Nos. 20 & 23). No hearing is needed. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons outlined below, Defendants' Motion to Dismiss is GRANTED.

I.  BACKGROUND

Defendants operate two "Bolivian-theme restaurants and bakeries in Arlington County, Virginia." (ECF No. 1 at 5). Plaintiff was employed as a delivery worker for George R. Ruhl & Sons ("Ruhl"). On July 25, 2016, around 7:30 a.m., Plaintiff loaded commercial bakery supplies and ingredients into a delivery truck and drove from Ruhl's warehouse in Anne Arundel County to Virginia to attempt to deliver such to Defendants. *Id.* at 6. In the course of this delivery, Plaintiff

---

[1] The spelling of Plaintiff's last name varies between "Ochua" and "Ochoa" throughout the pleadings. Nonetheless, this Court will utilize "Ochua," in accordance with the Docket.

1

attempted to pull a "heavy hand cart into the delivery area, and was caused to slip on the part of the recently wet-cleaned walking service that he encountered," and the "loaded cart then fell onto plaintiff." *Id.* at 7. Plaintiff contends that as the proximate result of Defendants' negligence in failing to provide a reasonably safe workplace, he suffered a slip-and fall, which resulted in Plaintiff: suffering serious injury, pain, and inconvenience; incurring medical expenses; and sustaining a loss of earning capacity, and wages. *Id.*

Plaintiff originally sued Defendants in the Circuit Court of Maryland for Anne Arundel County, and Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 and Local Rule 103.5. (ECF No. 1). Defendants now move to Dismiss Plaintiff's Claims for Lack of personal jurisdiction. (ECF No. 15 at 1).

II. LAW

At the outset, a court may not hear any claim against parties for whom personal jurisdiction is lacking. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 554, 562 (2017). Pursuant to Federal Rule of Civil Procedure 12(b)(2), when a Court's power to exercise personal jurisdiction is challenged, the burden rests on the plaintiff. *See Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). The extent of a plaintiff's burden (to establish jurisdiction) depends on the posture of the case and the evidence presented to the Court. *Id.* at 268. If the question of personal jurisdiction is addressed as a preliminary matter (ruling solely on the basis of motion papers, supporting legal memoranda, affidavits, and allegations in the complaint), the plaintiff need only make a *prima facie* showing of jurisdiction to survive the jurisdictional challenge. *Stewart v. Jayco, Inc.*, 2017 WL 193296, at *3 (D. Md. Jan. 18, 2017).[2]

---

[2] A court may also, in its discretion, permit discovery as to the jurisdictional issue. *See Mylan Labs. Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). Further, this threshold *prima facie* finding of personal jurisdiction does not

2

The instant Motion is at the preliminary stage, and accordingly, to determine whether plaintiff made the requisite *prima facie* showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff. *Carefirst v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

A. PERSONAL JURISDICTION

In order for a federal court to exercise personal jurisdiction over a foreign defendant, two hurdles must be surpassed. *D2L Ltd. v. Biggs*, 2019 WL 3975656, at *2 (D. Md. Aug. 22, 2019). First, the forum state's long-arm statute must be satisfied. Second, the forum state's exercise of personal jurisdiction must comport with due process. *Id.* (citing *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009)). Maryland's long-arm statute "authorize[s] the exercise of personal jurisdiction to the full extent allowable under the Due Process Clause." *CSR, Ltd. v. Taylor*, 411 Md. 457, 473 (2009). Accordingly, the court's statutory inquiry merges with the court's analysis of the Due Process Clause. *Carefirst*, 334 F.3d at 396–97 (noting Federal Rule of Civil Procedure 4(k)(1)(A) authorizes a federal district court to exercise personal jurisdiction over a defendant in accordance with the law of the state in which the district court is located).

Consonant with the Due Process Clause, a court may exercise personal jurisdiction over a nonresident defendant if the defendant has sufficient "minimum contacts" with the forum so that haling the defendant to court in the forum state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under this due

---

determinatively resolve the issue, plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial, or at a pretrial evidentiary hearing. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294, n.4 (4th Cir. 2005).

process analysis, jurisdiction can be either specific or general: Plaintiff asserts that the court has both.

The standard for asserting jurisdiction varies based on whether the defendant's contacts with the forum state are the genesis of the cause of action. *D2L*, 2019 WL 3975656, at *2. If the suit arises from the defendant's contacts with the forum state, the court may exercise specific jurisdiction. *Id.* In order to determine whether a defendant can be held to specific jurisdiction in Maryland, this court considers: "(1) whether the defendant 'purposely directed its activities toward residents of Maryland or purposely availed itself of the privilege of conducting activities in the state;' (2) whether its claims 'arise[] out of or result[] from' those activities; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Cricket Grp. V. Highmark, Inc.*, 198 F. Supp. 3d 540, 543 (D. Md. 2016) (quoting *Cole-Tuve, Inc. v. Am. Mach. Tools Corp.*, 342 F. Supp. 2d 362, 366 (D. Md. 2004)).

In the alternative, if the defendant's contacts with the forum state *do not* give rise to the cause of action, the plaintiff must show that the court has "general jurisdiction" over the defendant. *Id.*[3] General jurisdiction is appropriate when the defendant's contacts with the forum state are so "continuous and systematic," as to render the nonresident defendant essentially at home. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). If general jurisdiction exists, the Court may hear "any and all claims" against such foreign corporation. *Goodyear Dunlop Tires v. Brown*, 564 U.S. 915, 919 (2011). The Court will turn to whether due process permits the exercise of general or specific jurisdiction over Defendants.

---

[3] *See also English Boiler & Tube, Inc. v. Glex Inc.*, 2012 WL 2131895, at *3 (E.D. Va. June 12, 2012) (explaining general jurisdiction depends on the defendant's contacts with the forum state and are unrelated to the claim at issue).

1. General Jurisdiction

Plaintiff does not set forth any clear argument that general jurisdiction exists, nor could it, based on the facts alleged. A corporation's place of incorporation and principle place of business are the two paradigmatic bases for general jurisdiction. *D2L*, 2019 WL 3975656, at *2. Absent one of these two bases, it may be possible to establish general jurisdiction only in the "exceptional case." *Id.* This necessitates the corporation's operations in the forum state be "so substantial and of such a nature as to render the corporation at home [there]." *Daimler*, 571 U.S. at 139 n.19. Notably, the mere sale of products within the forum state is insufficient. *Goodyear*, 564 U.S. at 930 n.6. Further, "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." *See id.* at 929; *Helicopertos Nacionales v. Hall*, 466 U.S. 408, 418 (1984).

Defendants are neither incorporated nor headquartered in Maryland and Plaintiff has set forth no factual allegations that establish that Defendants are "comparable to a domestic enterprise," of Maryland. *Daimler*, 571 U.S. at 133 n.11. The Defendants attenuated connections to Maryland clearly fall short of the "continuous and systematic general business contacts" necessary to empower Maryland to entertain suit against the Defendants. *See Perdue Holdings, Inc. v. BRF S.A.*, 45 F. Supp. 3d 514, 516 (D. Md. 2014), *aff'd*, 814 F.3d 185 (4th Cir. 2016). Accordingly, this Court will turn to whether specific jurisdiction exists.

2. Specific Jurisdiction

"Specific jurisdiction cannot be exercised unless there is an 'affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum state.'" *D2L*, 2019 WL 3975656, at *3 (quoting *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017)). The Supreme Court's personal jurisdiction jurisprudence illustrates that specific jurisdiction is premised on the defendant's contacts with the forum state, as opposed to the defendant's contacts with individuals from the forum state, or the plaintiff's contacts with the forum state. *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014)).

The Court of Appeals for the Fourth Circuit synthesized the due process requirements for asserting specific personal jurisdiction into a three-part test. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). The three prongs are: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Perdue*, 45 F. Supp. 3d at 516 (quoting *Consulting Eng'rs*, 561 F.3d at 278) (internal quotations omitted).

With respect to the first factor — the extent to which the defendant purposefully availed itself of the forum — Plaintiff fails to make the requisite *prima facie* showing. Specifically, Plaintiff did not show that the Defendants: own or maintain any Maryland offices, restaurants, or places of business; reached into Maryland to solicit or initiate business, including via advertisement; deliberately engaged in any significant or long-term business activities in the forum; made any agreement that the law of the forum would govern disputes; nor made any in-person contact with Plaintiff regarding the business relationship. (ECF No. 15-1 at 11).[4] To the

---

[4] The Court of Appeals for the Fourth Circuit enumerated several "nonexclusive factors," to assist in resolving whether a defendant has engaged in the required "purposeful availment." *Consulting Eng'rs*, 561 F.3d at 278 (outlining

contrary, the record indicates that the performance of any contractual duties was to occur within Virginia. (ECF No. 15-1 at 3) (acknowledging performance of any contractual duties would mean receiving deliveries —in Virginia— from two Maryland suppliers, Ruhl and U.S. Beef, Inc). Plaintiff also alleged that Defendants made sufficient contact with the forum state when it sent invoices to the Maryland-based company. This argument is unavailing.[5] Plaintiff alleges several contacts between the Defendants and the forum state, however, taken individually or together, do not present a sufficient jurisdictional basis for this Court to adjudicate Plaintiff's claims.

To support of the existence of a "substantial" relationship, Plaintiff relies on readily distinguishable cases, wherein specific jurisdiction was deemed proper because a defendant had a "substantial and continuing relationship," including "continuing obligations" and "wide-reaching contacts" with a plaintiff in the forum state. *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985). Further, the cases relied on by Plaintiff involved an underlying contract relationship, as well as defendant's contacts with the forum state being significantly more robust than they are here. *NABAS Group v. NanoClear, LLC*, 2019 U.S. Dist. LEXIS 201374 (D. Md. Nov. 20, 2019) (emphasizing claims stemmed directly from breach of contract, which envisioned continuing and wide-reaching contacts in the forum state, including the establishment of a physical plant there); *Aerovation v. Airtec*, 2019 U.S. Dist. LEXIS 139340 (D. Md. Aug. 16, 2019) (noting the foreign plaintiff traveled to the forum, Maryland, six times to discuss the contract with the Maryland-based company); *Waskey v. O'Neal*, 2019 U.S. Dist. LEXIS 101265 (D. Md. June 17,

---

considerations including: maintenance of an office or agents in forum, property ownership, deliberate engagement in significant or long-term business activities in the forum; in-person contact with the resident of the forum regarding the business relationship; nature, quality, and extent of parties' communications about the business being transaction; and whether the performance of contractual duties was to occur within the forum).

[5] *See Perdue*, 45 F. Supp. 3d at 518. ("Finally, Plaintiff alleges that Defendant made contact with the forum state when it sent invoices to Plaintiff's headquarters in Maryland . . . . These purchase orders and invoices, however, have no connection with the instant contractual dispute. Thus, this argument fails on the second prong . . . because Plaintiff's claims do not arise out of these unrelated shipment activities.").

7

2019) (holding foreign defendants' contacts sufficient under Maryland's *long arm statute*, as they visited the forum to negotiate the terms of the transaction, which pertained to the purchase of a forum-based corporation from forum residents). Here, the parties seemingly agree that no ongoing agreement existed between the Defendants and the Plaintiff. Defendants also clearly did not contract to have any physical presence in Maryland, nor has Plaintiff provided any information in terms of contract negotiations.

Even assuming, *arguendo*, that Plaintiff cleared this first jurisdictional hurdle, he nonetheless fails on the second prong — which requires the pending litigation arise out of these contacts with the forum state. *Burger King*, 471 U.S. at 472. On this score, Plaintiff argues that the "pleaded injury to the delivery person *arose* out of the substantial business and qualifies under the specific jurisdiction standard." (ECF No. 20 at 2). To date, the Court of Appeals for the Fourth Circuit has not adopted a definitive approach to this question, but in at least one decision, it appears to have employed a "but for standard," which is satisfied when the plaintiff's claim would not have arisen in the absence of the defendant's contacts. *Hicks v. Jayco, Inc.*, 2018 WL 1363843 at *6 (M.D.N.C. Mar. 15, 2018). Here, Plaintiff's suit is premised on a tort occurring entirely in Virginia, as opposed to any breach of contract, and is entirely unrelated to any contractual relationship between the Defendants and Ruhl. (ECF No. 22 at 6). As noted by Defendants, nothing about the Virginia Defendants, nor the slip-and-fall in Virginia, deal with the Maryland forum. *Id.* at 2.

Plaintiff fails to cite, nor can this court find, a case wherein a tort-based action (involving a slip-and-fall injury) that occurred in one state, was deemed sufficient for the assertion of specific personal jurisdiction over a non-resident corporation. Although harmful "effects" are relevant in a specific jurisdiction analysis under the so-called "Effects Test," there is not authority to suggest

8

that such applies to anything other than *intentional tort claims*. *See Perdue*, 45 F. Supp. 3d at 517 ("[T]he Court is not prepared to now extend the [Effects Test] to claims for breach of contract."). As this claim is premised on negligence, this test is inapplicable, and as the alleged tort occurred in Virginia, this Court does not have jurisdiction. *See Geary v. Goldstein*, 782 F. Supp. 725, 727 (D. R.I. 1992) ("In order for this Court to have specific jurisdiction over the instant action, the torts allegedly committed must have occurred within [the forum state of] Rhode Island.").[6]

In the somewhat related context of a company sending advertising materials to citizens of another state — and then a tort occurring when that individual visited the company — a few recent decisions have held that harm that occurs *outside* the forum can almost never be sufficiently related to a foreign defendant's solicitation of forum customers to satisfy due process. *Harm to Known or Targeted Forum Residents*, 2 Jurisdiction in Civil Actions § 8-03 (2019); *see also Malik v. Cabot Oil & Gas Corp.*, 710 Fed. App'x 561 (3d Cir. 2017) ("[Plaintiff] is suing in New Jersey . . . for alleged negligence resulting in [Plaintiff's] slip and fall on a drilling platform in [Pennsylvania]. [Plaintiff's] cause of action does not 'arise out of or relate to appellees New Jersey-related activities.' The District Court property granted the motion to dismiss for lack of specific personal jurisdiction.").[7]

---

[6] *See also* Enclavea, *Test applied in considering whether state has personal jurisdiction over nonresident*, 7 M.L.E. Cts. § 21 (Dec. 2019) ("With respect to jurisdiction in tort cases, it must be noted that if the alleged tortious act or omission took place outside the state, the long-arm statute may be invoked only if the defendant regularly does or solicits business in Maryland, or engages in any other persistent course of conduct in Maryland, or derives substantial revenue from food or services used or consumed in Maryland.").

[7] *See also Pearson v. White Ski Co.*, 228 F. Supp. 2d. 705 (E.D. Va. 2002) (concluding Pennsylvania's ski resort's advertising and solicitations of Virginia skiers was not the proximate cause of plaintiff's injury, but instead defendant's alleged negligence at the ski resort, and finding no personal jurisdiction in Virginia for injuries at the resort, but reaching this result under the "arising under" requirement of the long arm statute); *Wims v. Beach Terrace Motor Inn, Inc.*, 759 F. Supp. 264 (E.D. Pa. 1991) (holding Pennsylvania Plaintiff's injury in New Jersey defendant's hotel too attenuated from defendant's business solicitations in the forum, even though plaintiff went to the hotel due to hotel's promotional brochure sent to Pennsylvania, and hotel received substantial number of visitors from Pennsylvania).

In sum, the contacts pled by Plaintiff are insufficient under the due process clause as interpreted by *International Shoe Company v. Washington*, and its progeny. *Perdue*, 45 F. Supp. 3d at 518–19.

III. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 13) will be GRANTED. A separate order shall issue.


Date: January 23, 2020 /s/
J. Mark Coulson
United States Magistrate Judge